(26 Misc. Rep. 677.)

### DEFENDORF v. DEFENDORF et al.

(Supreme Court, Special Term, New York County.   March, 1899.)

1. PARTITION—ATTORNEY'S FEES—DEFENSE.

The attorney's fees in partition provided in Code Civ. Proc. § 3253, subd. 2, as amended by Laws 1898, c. 61, "where a defense has been interposed," cannot be allowed, all defendants answering and uniting in the prayer of the complaint; and this though one defendant asked relief against another.

2. SAME.

The fee provided in Code Civ. Proc. § 3253, subd. 1, as amended by Laws 1898, c. 61, should go to plaintiff's attorney, he performing most of the labor in the litigation.

Action by Mary Defendorf against Wilson L. Defendorf and others. Motion for an order confirming report of sale and fixing allowances to be paid to attorneys.    Order.

Townsend & Mahan, for plaintiff.
Edward Russell, for defendant Matilda Cleland.
A. C. Anderson, for defendant Joshua Kantrowitz.
Moses Esberg, for defendant Allen D. M. Defendorf.
Emanuel Eschwege, for other defendants.
Edward Jacobs, referee, in pro. per.

SCOTT, J.    This is an action for partition, in which the property sold brought $160,000, and a motion is now made for an order confirming the report of sale and fixing the allowances to be paid to the attorneys for the several parties.    Section 3253 of the Code of Civil Procedure, as amended by chapter 61 of the Laws of 1898, provides that allowances may be granted as follows:

"(1) In an action to foreclose a mortgage or for the partition of real property a sum not exceeding two and one-half per centum upon the sum due or claimed to be due upon the mortgage, nor the aggregate sum of two hundred dollars.   (2) In any action or special proceeding  *  *  *  where a defense has been interposed, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

This, being an action for partition of real property, falls within the purview of subdivision 1, unless it can be said that a defense has been interposed.    An examination of the judgment record shows that all of the defendants interposed answers uniting in the prayer of the complaint, so that it cannot fairly be said that any defense was interposed in the action.    One of the defendants made allegations that a co-defendant was indebted to her, but the issue thus raised tended in no way to defeat, in whole or in part, the relief sought by the plaintiff, and cannot be deemed to be a defense.    I am therefore constrained, most reluctantly, to allow only $200 as an extra allowance, and, of course, all of it must go to the plaintiff, whose attorneys were called upon to

perform most of the labor involved in the litigation. If I felt that the Code, as it stands now, empowered me to grant a larger allowance, I should unhesitatingly do so, as the sum to which I feel myself to be limited is obviously too small in a case involving so much property as is involved here.

Ordered accordingly.